IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

**PERCY FARRIS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for McNairy County**
**No. 1339A    Jon Kerry Blackwood, Judge**

**No. W2004-03078-CCA-R3-PC  - Filed July 8, 2005**

The Defendant, Percy Farris, was convicted by a jury of attempt to commit first degree premeditated murder and especially aggravated robbery. His convictions were affirmed on direct appeal. See State v. Percy Perez Farris, No. W2001-01787-CCA-R3-CD, 2002 WL 927430 (Tenn. Crim. App., Jackson, May 8, 2002). The Defendant subsequently filed for post-conviction relief alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied relief. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Ken Seaton, Selmer, Tennessee, for the appellant, Percy Farris.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Elizabeth Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant and his codefendant, Sean Singleton, robbed a Days Inn Motel in Selmer, Tennessee. During the robbery, the Defendant attacked the desk clerk and stabbed her thirty times. Following the robbery, the Defendant and Singleton returned to Singleton's residence in the Defendant's car. The next morning, police officers arrived at the residence. Singleton confessed his participation in the crimes. The police searched Singleton's residence and the Defendant's car, which was still parked there. Blood matching the victim's was recovered from the Defendant's car. See State v. Percy Perez Farris, No. W2001-01787-CCA-R3-CD, 2002 WL 927430, at **1-2 (Tenn. Crim. App., Jackson, May 8, 2002).

Approximately three months after the crimes, a physical line-up was conducted at the courthouse in which the Defendant's first lawyer participated. After viewing this line-up, the victim identified the Defendant as her attacker. During this identification, the victim expressed some doubt about her choice. Some days later, the police showed the victim a photographic array. The victim again identified the Defendant as her attacker. She also identified the Defendant at trial. See id. at *3.

Prior to trial, the Defendant's second lawyer ("Counsel") filed a motion to suppress the victim's previous identifications of the Defendant. After a hearing, the trial court denied this motion.

In this proceeding, the Defendant complains that Counsel was deficient in three respects: failing to move to suppress the evidence collected at the Singleton residence, including that collected from the Defendant's car; failing to challenge the pre-trial identifications;[1] and failing to adequately challenge the credibility of codefendant Singleton and his wife.

At the post-conviction hearing, only the Defendant and Counsel testified. The Defendant testified he was arrested at the Singleton residence. The police did not show a warrant to search either the home or his car, but searched them both anyway. Counsel did not file a motion challenging the warrantless searches. The Defendant stated that both Singleton and his wife testified and their testimony was inconsistent with prior statements they had each made to the police. He said that Counsel was ineffective in pointing out these inconsistencies. The Defendant also complained about his first trial lawyer's participation in the physical line-up, stating that "he should have picked out people more my height, more my size, more my complexion instead of picking out people that were different in weight and height and all that."

On cross-examination, the Defendant admitted that he did not know if Singleton had given the police consent to search his residence. He admitted that the outside door handle of his car, on which some of the victim's blood was found, was in plain view of the police while it was parked at Singleton's residence. He admitted that Counsel brought out inconsistences in the Singletons' testimony during her cross-examination of them, but maintained that it was "[n]ot as much as she should have."

Counsel testified that, based on her investigation of the case, the police searched Singleton's residence by consent. Accordingly, with respect to evidence recovered from inside the residence, a motion to suppress was not merited. With respect to the proof recovered from the Defendant's car, Singleton had confessed to the crimes and the blood on the vehicle was in "plain view." Accordingly, she concluded that a motion to suppress that evidence would not have been successful.

As to the Singletons' testimony, she was aware of the inconsistencies with their prior statements and brought those out during cross-examination. At that point, the veracity of their

---

[1] At the post-conviction hearing, the Defendant complained about the physical line-up. In his brief before this Court, he complains about the photographic array.

testimony became a jury issue. As to the victim's pre-trial identifications of the Defendant, she filed a motion to suppress both the physical line-up and the photographic line-up. Her motion was denied. She also raised this issue in the direct appeal of the Defendant's convictions, but was unsuccessful in having the Defendant's convictions reversed on this basis. The supreme court denied her application for permission to appeal.

On cross-examination, Counsel testified that she did not recall whether she confronted Singleton directly about whether he gave the police consent to search his residence.

After the hearing, the trial court entered an order denying the Defendant's petition for post-conviction relief. With respect to the Defendant's various allegations, the trial court found as follows:

> Specifically, [the Defendant] alleges that [Counsel] was ineffective when she failed to file a motion to suppress various evidence that was found pursuant to a search of the co-defendant's home. At the time of this search, the petitioner's vehicle was also searched. The vehicle was parked in the co-defendant's yard. Pursuant to that search, blood evidence was found that linked the [Defendant] to this crime. The testimony and the record reveal that the co-defendant and his wife (girl friend) consented to the search of their home. The record also reveals that blood was visible in plain view in the [D]efendant's car. A motion to suppress would not have been warranted. This issue is without merit.
> 
> [The Defendant] claims that [Counsel] did not adequately point out inconsistencies in statements and testimony given by the co-defendant and his wife. [Counsel] did cross-examine those witnesses and pointed out these inconsistencies. This issue is without merit.
> 
> [The Defendant] complains about the lineup conducted in this case. [Counsel] filed a motion to suppress the lineup, which was overruled and affirmed on appeal. This issue is without merit.

The Defendant now contends that the trial court was mistaken in its ruling.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

The trial court correctly concluded that the Defendant has failed to prove by clear and convincing evidence that he suffered the ineffective assistance of counsel at trial. He has demonstrated neither that his lawyer's performance was in any way deficient, nor that he suffered any prejudice as the result of any alleged deficiency. Specifically, the Defendant has not convinced us that the seizure of evidence from his car was subject to suppression or that Counsel should have cross-examined the Singletons in some fashion other than she did. His allegations about the pre-trial

identifications ignore the fact that Counsel challenged those by motion but lost.  There is no merit to the Defendant's contentions.

The trial court did not err in denying the Defendant's claim for relief.  We affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE